# COURT OF APPEALS OF TEXAS.

## AUSTIN TERM, 1889.

27 439
29 373

### No. 6215.

### A. D. MOORE *v.* THE STATE.

NEGLECT OF OFFICIAL DUTY—DILIGENCE.—In order to warrant the conviction of an overseer of a public road for failure, neglect or refusal to perform the duties of his office, it devolves upon the State to show that such failure, neglect or refusal on his part was wilful—that is, with evil intent, with legal malice, without legal justification, and with no reasonable ground to believe his action legal. Such overseer is charged only with reasonable diligence and effort in the discharge of his duty, and can not be held criminally responsible for failing to keep his road in repair, when it is shown that to do so with the means available to him is an impossibility. If he exercised reasonable diligence and effort, no wilful failure, neglect or refusal to discharge his duty can be imputed to him.

APPEAL from the County Court of Wilbarger. Tried below before the Hon. T. W. Robinson, County Judge.

The appellant in this case was convicted for failing, as the overseer of road precinct number ten, of Wilbarger county, to keep the public roads in repair, and his punishment was assessed at a fine of twelve and a half dollars.

The proof for the State and the defense concurs in showing that the appellant was placed in charge of from twelve to fourteen miles of public road, and that not more than from twelve to fourteen hands were apportioned to him to keep the said roads in repair; that the force thus apportioned to him was wholly inadequate to perform the labor allotted to him, and that, under the circumstances, it was utterly impossible for the appellant to keep the said roads in repair.

*H. C. Thompson,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

Willson, Judge.    To render an overseer of a public road guilty of an offense under article 409, of the Penal Code, his failure, neglect or refusal to perform the duties imposed upon him as such overseer must be *wilful*—that is, with an evil intent, with legal malice, without reasonable ground for believing such failure, neglect or refusal to be lawful, and without legal justification.

In this case the evidence, in our opinion, does not warrant the conclusion that the defendant wilfully failed, neglected or refused to perform his duties as overseer.    While he did not compel all the hands apportioned to him to work the full time prescribed by law, he did work some of them the full time, and others a portion of the time, and the evidence conclusively shows that, if he had caused all of the hands to work the full time, it would have been impossible, owing to the length and bad condition of the road, and the small number of hands, to have kept said road in good repair.    The law does not require impossibilities, and to hold, under the facts of this case, that the defendant is guilty of an offense because he failed to keep said road in repair would be holding him criminally responsible for failing to perform an impossibility.

All that should be required, and all the law intends to require, is reasonable diligence and effort on the part of an overseer to perform the duties enjoined upon him, and what will amount to such reasonable diligence and effort must be determined by the facts of each particular case.    If reasonable diligence and effort be exercised, there can be no *wilful* failure, neglect or refusal to perform duty.

In our judgment the evidence in this case does not show a wilful failure, neglect or refusal by defendant to perform his duties as overseer of the road, and we therefore set aside the conviction and remand the cause for a new trial.

*Reversed and remanded.*